IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| MICHELLE DAWN MURPHY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 15-CV-528-GKF-FHM |
| | ) | |
| THE CITY OF TULSA, | ) | |
| | ) | |
| Defendant. | ) | |

## OPINION AND ORDER

Before the court is the Motion for Partial Summary Judgment filed by plaintiff Michelle Dawn Murphy ("Murphy") [Doc. #92]. In her First Amended Complaint, Murphy alleges she was wrongfully convicted for the murder of her infant son. Her conviction was vacated by an agreed order entered in state district court in 2014. She served twenty years of a sentence of life without parole.

Murphy now asserts a claim for relief pursuant to 42 U.S.C. § 1983, alleging violations of her right to a fair trial under the Due Process Clause of the Fourteenth Amendment on seven (7) enumerated grounds, and of her right not to incriminate herself under the Fifth Amendment.

**Summary Judgment Standard**

Pursuant to Fed. R. Civ. P. 56(a), "[a] party may move for summary judgment, identifying each claim or defense—or the part of each claim or defense—on which summary judgment is sought." A motion for summary judgment shall be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." *Id.* The rule "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at

trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 670 (10th Cir. 1998). The inquiry for the court is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986).

**Analysis**

Murphy moves for partial summary judgment for two stated purposes: "First, to preclude the City from 'retrying' [Murphy] for murder." [Doc. #92, p. 6]. "Second, to find that [Murphy] may present her claim of a coerced confession." [*Id.*]. Upon consideration of the briefs and authorities submitted, the court concludes the motion must be denied for the following reasons.

As an initial matter, Murphy has not identified any claims or defenses, or elements of claims or defenses, on which she seeks summary judgment. Thus, Murphy has failed to satisfy the threshold requirement contained in Rule 56(a). *See Stormo v. City of Sioux Falls*, 2016 WL 7391980, *12 (D.S.D. Dec. 21, 2016) (plaintiff "does not identify any claims or defenses in his motion for summary judgment" and "seeks summary judgment on factual and legal 'issues' that are inappropriate to decide on summary judgment."); *Sec. and Exchange Comm. v. Capital Holdings, L.L.C.*, 2006 WL 1660541, *1 (D. Colo. June 12, 2006) (movant "has failed to even identify any of the claims or defenses as to which he seeks summary judgment, much less set forth the elements of any such claim or defense or the party who bears the burden of proof."); *Medeiros v. City and County of Honolulu*, 2013 WL 12139152, *4 (D. Haw. Apr. 19, 2013) ("[t]he motion does not . . . discuss how . . . [the findings of an administrative review board] would entitle Plaintiff to judgment as a matter of law as to a particular claim or portion thereof.").

Because Murphy has not identified the claims or defenses on which she seeks summary judgment, the court is left to make what it believes to be reasonable inferences as to the defenses

subject to the motion. It appears that Murphy's first request for partial summary judgment—to preclude the City from "retrying" Murphy for murder—is meant to address the following defense in the City's Amended Answer: "Irrespective of any alleged wrongdoing, sufficient evidence was admitted at trial that would sustain the conviction of Plaintiff on the charges of which she was convicted." [Doc. #84, p. 47, ¶ 13]. If that be the case, Murphy has not met her burden under Rule 56. No court has held there was insufficient evidence to sustain Murphy's conviction. The state court judge who vacated her conviction entered a Journal Entry of Dismissal, in which he found that Murphy had made a *prima facie* showing of actual innocence for the purposes of initiating a claim under the Oklahoma Governmental Tort Claims Act ("OGTCA"). [*See* Doc. #92-19, p. 1]. Murphy's motion relies on that finding. However, under Oklahoma law, the state court judge's finding was not a final determination of Murphy's actual innocence, much less a conclusion that there was insufficient evidence to sustain Murphy's conviction. As the Oklahoma Supreme Court explained in *Courtney v. State*, 307 P.3d 337, 341 (Okla. 2013):

> While the Legislature does require clear and convincing evidence of actual innocence to pursue a claim [under the OGTCA], we do not believe that the Legislature intended the court to make a final adjudication of actual innocence at this stage. When viewed in the context of the larger tort claims process, it appears the Legislature intended the court to act as gatekeeper. The gatekeeper role of the court is to determine whether the petitioner had made a prima facie case of innocence.

Thus, the state judge's finding that Murphy had made a *prima facie* showing of actual innocence does not entitle Murphy to summary judgment on the City's defense that there was sufficient evidence to sustain her conviction.

As to Murphy's second request—that the court find she "may present her claim of a coerced confession"—she again identifies no claim or defense, or part of a claim or defense, on which she seeks summary judgment. However, the court notes the City asserts as a defense that "[t]he

3

doctrine of collateral estoppel/issue preclusion bars liability against the City[,]" a defense that if meritorious would preclude relitigation of the trial court's decision that Murphy's confession was voluntary.

Murphy challenged the voluntariness of her confession in a *Jackson v. Denno*[1] hearing prior to her trial. After conducting an evidentiary hearing, the trial court determined that the confession was voluntarily given and admissible. Murphy appealed her conviction and raised the voluntariness of her confession before the Oklahoma Court of Criminal Appeals. The appeals court found no error in the trial court's determination that the confession was voluntary.

Federal courts give preclusive effect to state court judgments whenever the courts of the State from which the judgments emerged would do so. *Allen v. McCurry*, 449 U.S. 90, 96 (1980) (citing 28 U.S.C. § 1738). Accordingly, Oklahoma's law of issue preclusion applies in evaluating the preclusive effect of a state court adjudication. To establish issue preclusion, a party must prove: 1) that the party against whom it is being asserted was either a party to or a privy of a party to the prior action; 2) that the issue subject to preclusion has actually been adjudicated in the prior case; 3) that the adjudicated issue was *necessary and essential to the outcome* of that prior case; and 4) the party against whom it is interposed had a full and fair opportunity to litigate the claim or critical issue. *Durham v. McDonald's Rests. of Okla., Inc.*, 256 P.3d 64, 66–67 (Okla. 2011) (emphasis in original) (citing *State ex rel. Tal v. City of Okla. City,* 61 P.3d 234, 245 (Okla. 2002)).

---

[1] In *Jackson v. Denno*, the United States Supreme Court held that a defendant has a "constitutional right at some stage in the proceedings to object to the use of [their] confession and to have a fair hearing and a reliable determination on the issue of voluntariness, a determination uninfluenced by the truth or falsity of the confession." 378 U.S. 368, 376-77 (1964) (citing *Rogers v. Richmond*, 365 U.S. 534 (1961)). "When a defendant questions the voluntariness of a confession, a hearing is mandated." *U.S. v. Dowell*, 430 F.3d 1100, 1106 (10th Cir. 2005) (citing *U.S. v. Miller,* 987 F.2d 1462, 1464, 1465 (10th Cir.1993)).

Murphy was a party to the *Jackson v. Denno* hearing. The voluntariness of her confession was actually adjudicated and affirmed on appeal. And Murphy, who was represented by counsel, had a full and fair opportunity to litigate the issue at the hearing and on appeal.

But here the underlying conviction was vacated. Murphy argues that, as a result, the proceedings prior thereto have no preclusive effect. In support, Murphy filed a Suggestion of Supplemental Controlling Authority, citing the U.S. Supreme Court's recent decision in *Nelson v. Colorado*. In *Nelson*, the Court considered Colorado's Compensation for Certain Exonerated Persons statute, which permitted Colorado to retain conviction-related assessments paid by an exonerated defendant unless and until the defendant institutes a discrete civil proceeding and proves her actual innocence by clear and convincing evidence. The Court held that the statute does not comport with the Fourteenth Amendment's guarantee of due process, and stated "[t]o comport with due process, a State may not impose anything more than minimal procedures on the refund of exactions dependent upon a conviction subsequently invalidated." *Nelson* at p. 10. Murphy contends *Nelson* "held that the Due Process Clause erases any validity of state action taken prior to the invalidation of a conviction." But the Court stated the issue presented and its holding as follows: "[w]hen a criminal conviction is invalidated by a reviewing court and no retrial will occur, is the State obligated to refund fees, courts costs, and restitution exacted from the defendant upon, and as a consequence of, the conviction? Our answer is yes." With respect, this court reads the holding in *Nelson* more narrowly than Murphy urges.

Murphy cites case law from various jurisdictions regarding the preclusive effect of a judgment that has been vacated, reversed, or set aside. *U.S. v. Lacey*, 982 F.2d 410, 412 (10th Cir. 1992) (even assuming district court's order was a final judgment, party could not cite that order as establishing preclusion because the district court set it aside); *In re Hedged-Investment Assoc.,*

*Inc.*, 48 F.3d 470, 472-73 (10th Cir. 1995) (district court reversed decision of bankruptcy court, and "[a]s such, there is no longer any final determination on the merits as required to apply the doctrine of collateral estoppel.") (quoting *Clough v. Rush*, 959 F.2d 182, 187 (10th Cir. 1992)) (internal quotations omitted); *Erebia v. Chrysler Plastic Prods. Corp.*, 891 F.2d 1212, 1215 (6th Cir. 1989) (since appeals court had reversed and remanded district court's decision, the reliance upon the doctrine of res judicata and/or collateral estoppel in disposing of a subsequent case based on that decision was improper); *Dodrill v. Ludt*, 764 F.2d 442, 444 (6th Cir. 1985) (reversal of conviction "vacates the judgment entirely, technically leaving nothing to which [the court] may accord preclusive effect."); *Simpson v. Motorists Mut. Ins. Co.*, 494 F.2d 850, 854 (7th Cir. 1974) (when district court's judgment was reversed, it "became a nullity and was hardly admissible" as evidence in subsequent proceedings). Murphy contends that in Oklahoma a reversal "wipes out all that preceded it." Murphy cites one Oklahoma case in her brief to support this contention—*Williams Prod. Mid-Continent Co. v. Patton Prod. Corp.*, 277 P.3d 499, 501 (Okla. Civ. App. 2012) ("a second judgment predicated on a prior judgment later reversed cannot stand."). Pursuant to Okla. Sup. Ct. R. 1.200(d)(2), *Williams* has only persuasive effect, and it, like the other cases she cites, does not adequately address the issue presented here—whether an Oklahoma trial court's determination at a *Jackson v. Denno* hearing that a criminal defendant's confession was voluntary, has preclusive effect, despite vacation of the conviction on other grounds.

The parties have not identified, and the court has not discovered, case authority applying Oklahoma law to this question. However, the Tenth Circuit has addressed an analogous issue, holding that, under Oklahoma law, where probable cause was fully and fairly litigated in a prior criminal proceeding, it could not be relitigated in a civil action, despite the defendant's acquittal. *Hubbert v. City of Moore*, 923 F.2d 769, 773 (10th Cir. 1991); *cf. Cook v. Aagard*, 547 F.App'x

857, 858-60 (10th Cir. 2013) (state court ruling finding probable cause for detention, search and arrest, and that defendant's constitutional rights were not violated by catheterization, was a final adjudication on the merits for purposes of issue preclusion) (unpublished) (applying Utah law).

In its response, the City cites an unpublished Sixth Circuit decision with facts similar to those presented here. In *Hatchett v. City of Detroit*, 495 F.App'x 567 (6th Cir. 2012) (unpublished), Hatchett, whose conviction was later overturned based on DNA evidence, brought a § 1983 action against the City of Detroit alleging, among other things, that his confession had been coerced. At a hearing before his criminal trial, the state trial court found that the confession was voluntary. The federal district court held that collateral estoppel barred Hatchett from contesting the voluntariness of his confession. The district court observed that "although the charges against Hatchett were eventually dismissed, the reason this was done had nothing to do with the voluntariness of his confession being questioned." *Hatchett v. City of Detroit*, 2010 WL 1754426, at *9 (E.D. Mich. April 30, 2010) (unpublished). Hatchett argued to the Sixth Circuit there was no preclusive effect because his conviction was eventually set aside.[2] *Id.* at 570. The appellate panel affirmed, noting that Hatchett's argument "conflates the question whether the police officers unconstitutionally coerced Hatchett, with the question whether Hatchett was guilty of the crime. Those are two different questions: under Michigan law, a determination of voluntariness is separate from a determination of guilt."[3] *Id.* at 570-71.

---

[2] In her reply, Murphy attempts to distinguish *Hatchett* because, *inter alia*, a footnote in the district court order states, "[n]othing in the record suggests that the judgment of conviction was set aside." *Hatchett*, 2010 WL 1754426, at *6. However, Hatchett stated on appeal that his conviction had been set aside. 495 F.App'x at 570.

[3] The district court in *Hatchett* distinguished *Dodrill v. Ludt*, *supra*, because, *inter alia*, the issues in *Dodrill* "were resolved within the jury's general verdict, whereas in the present case the discreet issue of voluntariness was resolved in a separate, adversarial judicial proceeding, where Hatchett had a full and fair opportunity to offer evidence, testify, and cross-examine the government's witnesses." 2010 WL 1754426 at *9.

The parties have not briefed, and therefore this court will not decide here, whether issue preclusion applies to voluntariness determinations by judges in states like Michigan which follow the "Orthodox" or "Wigmore" rule, but not in states like Oklahoma which follow the "Massachusetts" or "Humane" rule. *See Jackson*, 378 U.S. at 411-420 (J. Black, dissenting in part and concurring in part); *Owens v. Treder*, 873 F.2d 604, 609 (2d Cir. 1989); *Kogut v. County of Nassau*, 2009 WL 5033937, *10 (E.D.N.Y. Dec. 11, 2009); Law of Confessions § 19:1 (2d ed.). Accordingly, Murphy's motion—insofar as it seeks summary judgment on the City's defense of issue preclusion as applied to the voluntariness of Murphy's confession—is denied.

Murphy makes several additional requests. She asks the court to grant partial summary judgment on the two following statements: (1) The State of Oklahoma found Michelle Murphy actually innocent by clear and convincing evidence on September 12, 2014, and (2) the finding of actual innocence by clear and convincing evidence is a final, non-appealable judgment. The court must deny the request because the proposed statements do not accurately reflect the state court's finding—that Murphy merely made a *prima facie* showing of actual innocence for the purposes of initiating a claim under the OGTCA. [Doc. #92-19].

Murphy makes an additional request, that the court grant a motion *in limine* on two additional items: "In the trial of this case the Court will instruct the jury as to Items 1 and 2 just above [in the immediately preceding paragraph]" and "[i]n the trial of this case Michelle Murphy may introduce evidence on Items 1 and 2 just above." The request must be denied for the reason stated above.

WHEREFORE, Murphy's Motion for Partial Summary Judgment [Doc. #92] is denied.

IT IS SO ORDERED this 12th day of May, 2017.

GREGORY K. FRIZZELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT