# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF OKLAHOMA

MICHELLE DAWN MURPHY,

    Plaintiff,

vs.

THE CITY OF TULSA,

    Defendant.

Case No. 15-CV-528-GKF-FHM

## OPINION AND ORDER

Plaintiff'S Motion to Compel Deposition or in the Alternative to Strike Affidavit Under Rule 1008, Fed.R.Evid., [Dkt. 152], is before the court for decision. The matter has been fully briefed, [Dkt. 152, 153], and is ripe for decision.[1]

On May 11, 2017, Defendant the City of Tulsa (City) served a supplemental response to Plaintiff's Request for Production of Documents Nos. 14 and 49 which essentially sought Tulsa Police Department written policies and training materials for interrogations during 1994 and 1995. That supplemental response included an affidavit signed by Kevin Mackinson, a retired City of Tulsa police officer who was assigned to the Homicide Unit and who was Detective Mike Cook's partner during 1994. Even though the affidavit was produced in response to a request for production of documents, on its face the affidavit does not purport to be anything other than Mr. Mackinson's recollection about the training he received, his experience as an officer, and his knowledge about his partner Detective Mike Cook. [Dkt. 152, pp. 3-4]. The City has not made any representation that it intends to offer the affidavit at trial. Rather, the City states it provided the affidavit to its

---

[1] No reply brief was filed before the June 22, 2017 due date.

expert and that the City may use the affidavit in support of a motion for summary judgement.

Plaintiff seeks an order striking Mr. Mackinson's affidavit, or alternatively an order compelling Mr. Mackinson's deposition after the end of the discovery period.[2] Plaintiff asserts that since the City produced the affidavit as a document responsive to a request seeking "documents concerning training required for interrogations which were in force in 1994 or 1995," [Dkt. 152, p. 2], that somewhere down the line in this case the City can say it produced a document showing it had policies about the interrogation of citizens. *Id.* at 13. According to Plaintiff, the affidavit should be stricken because it is inadmissible and because Mr. Mackinson can testify at the trial.

The affidavit has not been offered to the court for any purpose, so the remedy of "striking" the affidavit is not appropriate at this time. Plaintiff may move to strike the affidavit if and when it is offered to the court.

As an alternative to striking the affidavit, Plaintiff seeks to compel the deposition of Mr. Mackinson after the expiration of the discovery deadline. The City represents that its March 16, 2016 initial disclosures identified Mr. Mackinson and his proposed testimony. Plaintiff chose not to depose Mr. Mackinson. Under the circumstances presented, Plaintiff has not demonstrated good cause for permitting the deposition of Mr. Mackinson after the expiration of the discovery deadline. Plaintiff's request for deposition is denied.

Plaintiff's Motion to Compel Deposition or in the Alternative to Strike Affidavit Under Rule 1008, Fed.R.Evid., [Dkt. 152], is DENIED.

---

[2] Although the title of Plaintiff's motion posits striking the affidavit as an alternative request if a deposition is not compelled, the text of the motion casts a deposition as the alternative. [Dkt. 152, p. 13, 14].

SO ORDERED this 6th day of July, 2017.

_____
FRANK H. McCARTHY
UNITED STATES MAGISTRATE JUDGE