# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| MICHELLE DAWN MURPHY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 15-CV-528-GKF-FHM |
| | ) |
| THE CITY OF TULSA, | ) |
| | ) |
| Defendant. | ) |

## OPINION AND ORDER

This matter comes before the court on the Motion to Strike Material and Portions of Affidavits Pursuant to Fed. R. Civ. P. 56(c)(2) and Fed. R. Civ. P. 56(c)(4) [Doc. #189] of plaintiff Michelle Dawn Murphy. This Opinion and Order does not address Murphy's request to strike exhibits 26 and 27 to the City's motion for summary judgment [Doc. #175], which will be addressed in a separate order. For the reasons discussed below, the remainder of the Motion to Strike is granted in part, and denied in part.

**I.  City Exhibit 40, Affidavit of Kenneth Mackinson [Doc. #175-40]**

Pursuant to Fed. R. Civ. P. 56(c)(4), Murphy moves to strike paragraphs 3, 4, 5, 6, 8 and 9 of the affidavit of retired Tulsa police officer Kenneth Mackinson, attached as exhibit 40 to the City's motion for summary judgment. [Doc. #189, pp. 1-5]. The court will separately consider each paragraph.

Murphy first objects to paragraphs 3 and 4 of the Mackinson affidavit on the basis that the paragraphs do not support the material fact (fact no. 56) for which the paragraphs are cited in the City's motion for summary judgment. As a result, Murphy asserts that paragraphs 3 and 4 must be stricken. The court is not persuaded. Although a party moving for summary judgment must

submit admissible evidence to support their material facts, when a court concludes that the submitted evidence does not support the fact, the proper procedure under Fed. R. Civ. P. 56 is for the court to find that the affidavit does not support the alleged material fact and treat the fact as disputed, *not* strike the submitted evidence or factual assertion.

Murphy moves to strike paragraph 5 of the Mackinson affidavit on the basis of hearsay, lack of personal knowledge and untruthfulness. Paragraph 5 states: "Additionally, in order to maintain CLEET (Council on Law Enforcement Education and Training) certification, during the time I was in the department, all Tulsa Police Officers were required to attend forty hours of in-service training yearly that included a legal block regarding legal current procedures." [Doc. #175-40, ¶ 5]. Paragraph 5 does not include any specific out-of-court statement and, therefore, is not hearsay. *See Marland v. Asplundh Tree Expert Co.,* No. 14-CV-040-TS, 2017 WL 435764, at *6 (D. Utah Jan. 31, 2017) (testimony regarding person's understanding of situation that did not contain any out-of-court statement was not impermissible hearsay). *See also* Fed. R. Evid. 801. Nor is the truthfulness of paragraph 5 a valid basis for the court to strike that portion of the affidavit. *See Billy v. Curry Cty. Bd. of Cty. Comm'rs,* No. 13-CV-0032-MCA-LAM, 2014 WL 11430978, at *5 (D.N.M. Sept. 30, 2014) (cautioning against striking portions of affidavits on basis of veracity as it would require the court to improperly weigh credibility).

With regard to lack of personal knowledge, pursuant to Fed. R. Civ. P. 56(c)(4), "[a]n affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated." Although Murphy moves to strike portions of Mackinson's affidavit pursuant to Fed. R. Civ. P. 56(c)(4), the court will also consider the standards of Fed. R. Evid. 602, which permits a witness to testify to a matter "only if evidence is

introduced sufficient to support a finding that the witness has personal knowledge of the matter." Fed. R. Evid. 602. *See also Argo v. Blue Cross & Blue Shield of Kan., Inc.*, 452 F.3d 1193, 1200 (10th Cir. 2006) (noting that, although district court relied on local rule requiring affidavits to be made on personal knowledge in striking part of affidavit, court "might just as easily relied on" Fed. R. Civ. P. 56 or Fed. R. Evid. 602). "Under the personal knowledge standard, an affidavit is inadmissible if 'the witness could not have actually perceived or observed that which he testifies to.'" *Id.* (quoting *United States v. Sinclair*, 109 F.3d 1527, 1536 (10th Cir. 1997)). "'[S]tatements of mere belief' in an affidavit must be disregarded." *Argo*, 452 F.3d at 1200 (quoting *Tavery v. United States*, 32 F.3d 1423, 1427 n.4 (10th Cir. 1994)).

Here, in paragraph 5, Mackinson avers "in order to maintain CLEET (Council on Law Enforcement Education and Training) certification, *during the time I was in the department*, all Tulsa Police Officers were required to attend forty hours of in-service training yearly that included a legal block regarding current legal procedures." [Doc. #175-40, ¶ 5 (emphasis added)]. Mackinson also avers that he is a retired Tulsa police officer who completed the Tulsa Police Academy in October 1978 and retired in June 2003, and that he has personal knowledge of the facts stated in the affidavit. [Doc. #175-40, ¶¶ 1-2]. Mackinson was a Tulsa police officer for twenty-five (25) years and unquestionably has knowledge of his own training and certification requirements.[1] The court is persuaded that paragraph 5 reflects matters of which Mackinson has personal knowledge based on his own training and experience in the Tulsa Police Department.

---

[1] Although Mackinson does not specifically aver that he was CLEET certified, CLEET certification is a condition of employment as a full-time municipal police officer or peace officer in Oklahoma. *See* 70 Okla. Stat. § 3311(B).

Murphy moves to strike paragraph 6 on the basis of hearsay and personal knowledge.[2] Paragraph 6 states: "Every officer also received monthly legal bulletins regarding new ordinances, statutes, appellate court decisions and United States Supreme Court decisions." [Doc. #175-40, ¶ 6]. Because paragraph 6 does not include a specific out-of-court statement, paragraph 6 is not impermissible hearsay. *See Marland,* 2017 WL 435764, at *6. Nor does paragraph 6 lack personal knowledge. When read in context of the remainder of the affidavit, the court concludes that paragraph 6 conveys information related to the Tulsa Police Department's general training procedures during Mackinson's time at the department. Paragraph 6 follows averments regarding the training that Mackinson personally received. Further, it immediately follows paragraph 5 which, as previously emphasized, was expressly limited to "the time [Mackinson] was in the department." [Doc. #175-40, ¶ 5]. Immediately thereafter, paragraph 6 states "[e]very officer *also* received monthly legal bulletins . . . ." [Doc. #175-40, ¶ 6 (emphasis added)]. When read in context, the court concludes that paragraph 6 is limited to the time in which Mackinson was in the Tulsa Police Department and reflects matters of which Mackinson would have personal knowledge based on his own observations and experiences during his employment.

Murphy also moves to strike paragraphs 8 and 9—again on the basis of hearsay, untruthfulness, and lack of personal knowledge. The court will first consider paragraph 8, which states: "I was assigned to the Detective Division in August of 1988. All officers new to the Detective Unit were required to immediately complete an additional forty (40) hours of training in

---

[2] Although not entirely clear, Murphy also appears to object to paragraph 6 as untruthful based on the testimony of Ron Palmer, Tulsa Police Chief in 1994. However, as previously stated, the court will not weigh the veracity of the affidavit in determining a motion to strike. *See Billy,* 2014 WL 11430978, at *5. Murphy may question the veracity of the statements in her response to the motion for summary judgment and/or cross-examination.

Interrogations, Arrest Warrants, Search Warrants, and Affidavits." [Doc. #175-40, ¶ 8]. Again, paragraph 8 does not include a specific out-of-court statement that is impermissible hearsay, and the court will not consider paragraph 8's veracity. With regard to personal knowledge, the date of Mackinson's assignment to the detective division is clearly information of which Mackinson would have personal knowledge. Further, the court is persuaded that the nature and scope of the training requirements for new detectives at that time were matters within Mackinson's observation.

Paragraph 9 relates to the homicide unit, rather than the detective unit, and avers: "Officers assigned to the Homicide Unit underwent the same additional forty (40) hours of training in Interrogations, Arrest Warrants, Search Warrants and Affidavits." [Doc. #175-40, ¶ 9]. The court again concludes that, when read in the broader context of the affidavit, paragraph 9 reflects matters of which Mackinson would have personal knowledge. In paragraph 10, Mackinson states that, in February of 1989, he was assigned to the homicide unit. [Doc. #175-40, ¶ 10]. Accordingly, the court concludes that the nature and scope of training requirements for new assignees to the homicide unit constitute matters within Mackinson's personal knowledge.

For the reasons discussed above, the court denies Murphy's motion to strike Mackinson's affidavit [Doc. #175-40].

## II. City Exhibit 44, Affidavit of Dennis Larsen [Doc. # 175-44]

Murphy moves to strike paragraph 11 of the affidavit of Dennis Larsen, deputy chief for the Tulsa Police Department, as hearsay, without proper foundation, and not based on personal knowledge. Paragraph 11 of Larsen's affidavit avers: "The Tulsa Police Department currently provides and in 1994 provided its officers with training including but not limited to the interrogation of minors, *Miranda* warnings and Constitutional law." [Doc. #175-44, ¶ 11].

Paragraph 11 does not include a specific out-of-court statement and, therefore, is not inadmissible hearsay. *See Marland,* 2017 WL 435764, at *6.

Nor is the court persuaded that paragraph 11 lacks proper foundation or is not based on personal knowledge. Larsen avers that he is the current Deputy Chief of Police for the Tulsa Police Department. [Doc. #175-44, ¶ 2]. Larsen states that he has been employed in the Tulsa Police Department since 1978 and, during that time, he served as a sergeant, captain, major, and, now, deputy chief of police. [Doc. #175-44, ¶¶ 2, 4-5]. Larsen further avers that he reviewed training documents that date back to the 1960's through the late 1990's. [Doc. #175-44, ¶ 9]. When read in context of the entire affidavit, it is clear that paragraph 11 reflects information known to Larsen through his own experience in the Tulsa Police Department or derived from his review of the training documents. Thus, the court declines to strike paragraph 11 of the Larsen affidavit.

### III. City Exhibit 39, Document Index [Doc. #175-39].

Murphy moves to strike exhibit 39, titled "*Index to Documents Produced, Murphy v. City of Tulsa*," as inadmissible. In response, the City argues that the index is admissible pursuant to Fed. R. Evid. 1006 as a summary of admissible documents. [Doc. #232, p. 7]. The court is not persuaded that exhibit 39—as a summary wholly unsupported by the underlying records—is admissible for the purposes of summary judgment pursuant Fed. R. Evid. 1006.

Rule 1006 of the Federal Rules of Evidence states:

> The proponent may use a summary, chart, or calculation to prove the content of voluminous writings, recordings, or photographs that cannot be conveniently examined in court. The proponent must make the originals or duplicates available for examination or copying, or both, by other parties at a reasonable time and place. And the court may order the proponent to produce them in court.

Fed. R. Evid. 1006. To be admissible, a summary must accurately reflect the underlying records. *See Silva v. Goodwill Indus. of N.M., Inc.,* 210 F.3d 390, at *2 (10th Cir. Apr. 7, 2000)

(unpublished) (stating "[t]o be admissible, '[s]ummaries must be accurate and nonprejudicial'"). "'The admission of summaries under Rule 1006 is within the sound discretion of the trial court.'" *United States v. Thompson,* 518 F.3d 832, 858-59 (10th Cir. 2008) (quoting *Harris Mkt. Research v. Marshall Mktg. & Commc'ns, Inc*., 948 F.2d 1518 (10th Cir. 1991)). Rule 1006 is often utilized for the purposes of trial in order to summarize voluminous documents for the convenience of a jury.

In this instance, the court will not exercise its discretion to admit and consider exhibit 39 for the purposes of summary judgment pursuant to Fed. R. Evid. 1006. Federal Rule of Evidence 1006 permits the admission of summaries, charts or calculations to prove *the content* of documents which cannot be conveniently examined in court. Exhibit 39 says little of the content of the documents themselves, and the underlying documents have not been provided to the court. Rather, exhibit 39 includes a date[3], the relevance of which the court is not certain; what the court presumes is a batestamp range; and the apparent title of each policy. The court is not persuaded that the title and date provide sufficient information as to the content of the documents for admission pursuant to Fed. R. Evid. 1006. Further, exhibit 39 is confusing, not convenient. Exhibit 39 does not label its columns. Although the court may reasonably infer the content of the first three columns (left to right), the significance of the fourth column, in which there are only thirty-two (32) entries, is unclear. Thus, the court is persuaded that exhibit 39 should be stricken.

IV. **City Exhibit 43, Expert Report of John Ryan [Doc. #175-43]**

Murphy argues that paragraphs 112 through 114 and paragraph 116 of John Ryan's expert report should be stricken because those paragraphs of Ryan's report are based exclusively on

---

[3] Based on statements made in material fact no. 55, for which exhibit 39 is cited in support, the court may infer that the date included in exhibit 39 is the effective date for each policy.

Mackinson's affidavit, which Murphy asserts is hearsay and not supported by personal knowledge. However, the court previously concluded herein that Mackinson's affidavit should not be stricken. Accordingly, for those same reasons, the court concludes that paragraphs 112 through 114 and 116 of John Ryan's expert report should not be stricken.[4]

WHEREFORE, the motion to strike is granted in part, denied in part. The motion is granted as to exhibit 39 [Doc. #175-39]. The motion is denied as to exhibit 40 [Doc. #175-40], exhibit 44 [Doc. #175-44], and exhibit 43 [Doc. #43]. Exhibits 26 and 27 will be addressed in a separate order.

DATED this 9th day of January, 2018.

GREGORY K. FRIZZELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT

---

[4] The court further notes that, pursuant to Fed. R. Evid. 703, "[i]f experts in the particular field would reasonably rely on those kinds of facts or data in forming an opinion on the subject, *they need not be admissible for the opinion to be admitted*." (emphasis added).