**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| MICHELLE DAWN MURPHY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 15-CV-528-GKF-FHM |
| | ) | |
| THE CITY OF TULSA, | ) | |
| | ) | |
| Defendant. | ) | |

## OPINION AND ORDER

This matter comes before the court on the Motion *in Limine* Number Eight: To Exclude

the Testimony of J. Peter Messler [Doc. #214] of defendant City of Tulsa and the Eleventh Motion

*in Limine* [Doc. #206] of plaintiff Michelle Dawn Murphy.  The City of Tulsa's Eighth Motion *in*

*Limine* seeks to wholly preclude Ms. Murphy from calling as a witness, or presenting any

testimony of, retired Judge J. Peter Messler, who presided over Ms. Murphy's preliminary hearing

in 1994.  Ms. Murphy's Eleventh Motion *in Limine* seeks admission of Judge Messler's testimony

regarding the quality of the Tulsa Police Department's ("TPD") investigation of the murder of

Travis Wood, and the basis for Judge Messler's finding of probable cause.  For the reasons

discussed below, the City of Tulsa' Motion *in Limine* Number Eight is granted, and Ms. Murphy's

Eleventh Motion *in Limine* is denied.

## I  Judge Messler's Testimony Regarding His Opinions of the Quality of TPD's Investigation of the Murder of Travis Wood

The City moves to exclude Judge Messler's testimony regarding his opinions of the quality

of TPD's investigation of the murder of Travis Wood on the basis that such testimony is improper

expert witness testimony pursuant to Fed. R. Evid. 702. Ms. Murphy asserts that such testimony is relevant lay witness testimony under Fed. R. Evid. 701.

Pursuant to Fed. R. Evid. 701,

[i]f a witness is not testifying as an expert, testimony in the form of an opinion is limited to one that is:

(a)     rationally based on the witness's perception;

(b)     helpful to clearly understanding the witness's testimony or to determining a fact in issue; and

(c)     not based on scientific, technical, or other specialized knowledge within the scope of Rule 702.

Conversely, Fed. R. Evid. 702 permits the introduction of *expert* testimony, provided that "the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue," "the testimony is based on sufficient facts or data," and the testimony is the product of reliably applied principles and methods. Fed. R. Evid. 702. The advisory committee notes to the 2000 Amendments to Rule 701 state as follows:

Rule 701 has been amended to eliminate the risk that the reliability requirements set forth in Rule 702 will be evaded through the simple expedient of proffering an expert in lay witness clothing. Under the amendment, a witness' testimony must be scrutinized under the rules regulating expert opinion to the extent that the witness is providing testimony based on scientific, technical, or other specialized knowledge within the scope of Rule 702.

Fed. R. Evid. 701, advisory committee notes.

The court is not persuaded that Judge Messler's testimony regarding the quality of TPD's investigation is admissible as opinion testimony by a lay witness pursuant to Fed. R. Evid. 701. Rule 701 permits testimony by a lay witness only if the opinion is "rationally based on the witness's perception." Based on the court's review of Judge Messler's testimony, the court is not persuaded that Judge Messler's opinions are rationally based on Judge Messler's perception.

In response to questioning regarding his opinion as to the quality of the investigation conducted in Ms. Murphy's case, Judge Messler responded:

> Well, it certainly wasn't very good. For years, our police department has always had a really good reputation for the most part about doing very thorough jobs. I don't know where they were on this case, *because looking back on it now with some of the things that have been brought to my attention, even shortly after the trial and the jury trial,* it wasn't even close to a thorough investigation.

[Doc. #214-1 at p. 19:14 to 20:1 (emphasis added)]. Additionally, Judge Messler testified that any information he had regarding Ms. Murphy's statements to detective Mike Cook was "second- and thirdhand information," and that he had no firsthand knowledge of the conduct of the investigation by TPD other than the content of the testimony at the preliminary hearing. [Doc. #269-1, pp. 41:2 to 42:4 and 55:19 to 56:2]. Thus, based on Judge Messler's testimony, the court is not persuaded that Judge Messler's opinions regarding the quality of TPD's investigation were rationally based on Judge's Messler's perception as required by Fed. R. Evid. 701.

Further, the court is persuaded that, to permit Judge Messler to testify regarding the quality of TPD's investigation without personal knowledge, would be to permit improper expert testimony. This court has previously concluded that the quality of TPD's investigation as compared to national police practices and procedures is the proper subject of expert testimony. *See* [Doc. #355]. However, Ms. Murphy did not designate Judge Messler as an expert. Nor has Ms. Murphy established that Judge Messler's testimony would satisfy the requirements of Fed. R. Evid. 702, even if Ms. Murphy had previously expressed an intent to introduce Judge Messler's testimony as expert testimony.

First, Ms. Murphy has not met her burden to establish Judge Messler's qualification as one possessing "scientific, technical, or specialized knowledge" regarding police procedures and practices in investigating homicides. *See United States v. Nacchio*, 555 F.3d 1234, 1260 (10th Cir.

2009) (proponent of expert testimony bears the burden to establish admissibility). Ms. Murphy has offered no evidence regarding Judge Messler's qualifications beyond his *juris doctorate* and experience in conducting preliminary hearings. The court is not persuaded that experience in conducting preliminary hearings is sufficiently related to conducting a homicide investigation to render Judge Messler qualified under Fed. R. Evid 702. *See Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 578, 590 (1993).

Second, Judge Messler testified that he was not given any factual background regarding the case beyond his prior general knowledge by Ms. Murphy's counsel, that he was not given documents to review regarding Ms. Murphy's case prior to his deposition other than the preliminary hearing transcript, that he did not participate in Ms. Murphy's criminal trial, that any information he had regarding Ms. Murphy's statements to Mike Cook was "second- and thirdhand information," and that he had no firsthand knowledge of the conduct of the investigation by TPD other than the content of the testimony at the preliminary hearing [Doc. #269-1 at pp. 34:17-24; 36:15-21; and 41:2 to 42:4].[1] Thus, the court concludes that Judge Messler's testimony was based on insufficient facts or data, and is not admissible pursuant to Fed. R. Evid. 702.

Finally, Judge Messler's testimony regarding the quality of TPD's investigation, including whether Mr. Cook read the preliminary hearing transcript, is subject to the balancing test of Fed. R. Evid. 403. Pursuant to Fed. R. Evid. 403, "[t]he court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Ms. Murphy seeks to impose liability on the City of Tulsa for

---

[1]It is undisputed that Mr. Cook did not testify at Ms. Murphy's preliminary hearing and Ms. Murphy's recorded statement was not offered into evidence.

inadequacies in its investigation of the murder of Travis Wood and lack of training.  Testimony

from Judge Messler, a neutral magistrate directly involved in Ms. Murphy's preliminary hearing,

would no doubt greatly influence the jury, despite Judge Messler's lack of personal knowledge

regarding TPD's investigation into Travis Wood's murder.  For these reasons, the court concludes

that the probative value of Judge Messler's opinion testimony as to the quality of TPD's

investigation is substantially outweighed by the risk that the testimony will confuse the issues and

mislead the jury.

## II.    Judge Messler's Testimony Regarding the Basis for his Finding of Probable Cause

Ms. Murphy seeks to admit Judge Messler's testimony regarding the basis for binding Ms.

Murphy over for trial, specifically the following:

> Q:    And if you thought there was no probable cause that Michelle Murphy
> committed this murder, you would have dismissed—you could have
> dismissed the case right there, right?
>
> A:    Well, there was probable cause because she was the only one there.
> That's—that's enough right there to bind somebody over, for the most part.[2]

Ms. Murphy asserts a section 1983 claim against the City of Tulsa, a municipality.  In the Tenth

Circuit, "a plaintiff asserting a § 1983 claim must show 1) the existence of a municipal policy or

custom and 2) a direct causal link between the policy or custom and the injury alleged.'  Through

its *deliberate* conduct, the municipality must have been the 'moving force' behind the injury."

*Mocek v. City of Albuquerque,* 813 F.3d 912, 933 (10th Cir. 2015) (internal citations and quotations

omitted).

---

[2]The portion of Judge Messler's deposition transcript containing this testimony was not provided
to the court.  Rather, counsel for Ms. Murphy included the above testimony in her Eleventh Motion
*in Limine* and, by signing the motion, has represented that the testimony is accurate pursuant to
Fed. R. Civ. P. 11.

A municipal policy or custom may take the form of (1) "a formal regulation or policy statement"; (2) an informal custom "amoun[ting] to 'a widespread practice that, although not authorized by written law or express municipal policy, is so permanent and well settled as to constitute a custom or usage with the force of law'"; (3) "the decisions of employees with final policymaking authority"; (4) "the ratification by such final policymakers of the decisions—and the basis for them—of subordinates to whom authority was delegated subject to these policymakers' review and approval"; and (5) "the failure to adequately train or supervise employees, so long as that failure results from 'deliberate indifference' to the injuries that may be caused."

*Bryson v. City of Okla. City,* 627 F.3d 784, 788 (10th Cir. 2010) (alterations in original) (quoting *Brammer-Hoelter v. Twin Peaks Charter Acad.*, 602 F.3d 1175, 1189-90 (10th Cir. 2010)). Evidence irrelevant to these claims is inadmissible. Fed. R. Evid. 402. The Federal Rules of Evidence define relevant evidence as evidence that "has any tendency to make a fact more or less probable than it would be without the evidence," and "is of consequence in determining the action."

The court is not persuaded that the basis for Judge Messler's finding of probable cause is of consequence to determining this action. The finding of probable cause has no bearing on TPD's training or supervision of its employees, nor was Judge Messler's finding based on a formal or informal policy of TPD. There is no allegation that Judge Messler is a final policymaker for TPD. Finally, although Ms. Murphy seeks to impose liability on the City of Tulsa for its ratification of detective Mike Cook's conduct, including in interrogating Ms. Murphy, it is undisputed that Mr. Cook did not testify at the preliminary hearing and Ms. Murphy's recorded statement was not offered into evidence at the hearing. Thus, the court concludes that Judge Messler's testimony regarding the finding of probable cause is irrelevant to Ms. Murphy's claims in this matter.

## III.    Judge Messler's Testimony Regarding William Lee

The City argues that Judge Messler's opinion testimony regarding William Lee is inadmissible. The court agrees.

In the Tenth Circuit, determining the credibility of witnesses is a "critical function of the jury," and is not the appropriate subject of testimony. *See United States v. Toledo*, 985 F.2d 1462, 1470 (10th Cir. 1993). Nor is extrinsic evidence admissible to prove a witness's character for truthfulness or untruthfulness. Fed. R. Evid. 608(b). And, further, although Rule 608(a) permits "testimony about the witness's reputation for having a character for truthfulness or untruthfulness, or by testimony in the form of an opinion about that character," the Tenth Circuit has held "[i]n order to establish an appropriate foundation, a witness testifying under Rule 608(a) must show 'such acquaintance with the [person under attack], the community in which he has lived and the circles in which he has moved, as to speak with authority of the terms in which generally he is regarded.'" *United States v. Bedonie,* 913 F.2d 782, 802 (10th Cir. 1990) (alteration in original) (quoting *Cooper v. Asplundh Tree Expert Co*., 836 F.2d 1544, 1552 (10th Cir. 1988)), *overruled on other grounds by, United States v. Flowers*, 464 F.3d 1127 (10th Cir. 2006). The unavailability of a witness does not warrant a departure from the applicable Federal Rules of Evidence. *See Armstrong v. Bair,* No. CIV-03-0255-C, 2007 WL 626043, at *3 (W.D. Okla. Feb. 23, 2007). *See also United States v. Saada,* 212 F.3d 210, 220-21 (3d Cir. 2000) ("Rule 806 does not modify Rule 608(b)'s ban on extrinsic evidence of prior bad acts in the context of hearsay declarants, even when those declarants are unavailable to testify."). Rather, Rule 806 permits evidence bearing on a hearsay declarant's credibility only to that extent the "evidence . . . would be admissible for those purposes if the declarant had testified as a witness." Fed. R. Evid. 806.

Judge Messler's opinions regarding the credibility of William Lee are generally inadmissible. Further, the court is not persuaded that Judge Messler had a sufficient acquaintance and knowledge of Mr. Lee to render his testimony admissible pursuant to Fed. R. Evid. 608(a) because, based upon the court's review, Judge Messler's opinions regarding Mr. Lee are based

solely on Mr. Lee's appearance and testimony at the preliminary hearing. *See, e.g.,* [Doc. #214-1, pp. 48:24 to 49:21]. For these reasons, the court grants the City of Tulsa's motion to exclude Judge Messler's testimony regarding William Lee.[3]

## IV. Judge Messler's Testimony Regarding Evidence Not Presented at the Preliminary Hearing

The City of Tulsa moves to preclude Judge Messler's testimony regarding the evidence that was presented during the preliminary hearing, and whether he was "concerned" or "surprised" that certain evidence was not presented. The court concludes that such testimony is irrelevant. As discussed above, Ms. Murphy seeks to impose municipal liability on the City of Tulsa based on the conduct of the investigation into Travis Wood's murder and its training programs. However, neither TPD nor the City of Tulsa was responsible for the determination of what evidence to present at the preliminary hearing and, therefore, the evidence is of no consequence in determining the issues in this action. For this reason, Judge Messler's testimony regarding the evidence presented in the preliminary hearing is irrelevant and inadmissible pursuant to Fed. R. Evid. 402.

## V. Judge Messler's Testimony that He Has Nightmares

Finally, the City of Tulsa argues that Judge Messler's testimony that he has nightmares regarding Ms. Murphy's case is irrelevant and unduly prejudicial. The court agrees. To the extent that Judges Messler's dreams regarding this matter reflect his opinion regarding TPD's investigation, this court has concluded that Judge Messler's opinion testimony is inadmissible. Further, such evidence would result in unfair prejudice to the City of Tulsa, as the evidence would

---

[3]The City also moves to preclude Judge Messler's opinion testimony that William Lee murdered Travis Wood. However, Ms. Murphy does not seek admission of this testimony, and, therefore, Judge Messler's testimony regarding his opinion as to who murdered Travis Wood is not at issue. *See* [Doc. #301, p. 5].

likely have an undue tendency to suggest a decision on an emotional basis.  *See United States v. Caraway*, 534 F.3d 1290, 1301 (10th Cir. 2008) ("To be *unfairly* prejudicial, the evidence must have 'an undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one.") (emphasis in original).

WHEREFORE, the City of Tulsa's Motion in *Limine* Number Eight: To Exclude the Testimony of J. Peter Messler [Doc. #214] is granted, and Plaintiff's Eleventh Motion in *Limine* [Doc. #206] is denied.

DATED this 23rd day of January, 2018.

GREGORY K. FRIZZELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT